TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Karla Nistler

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karla Nistler, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| International Collection Systems, Inc.; and DOES 1-10, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiff, Karla Nistler, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Original jurisdiction exists pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Plaintiff resides here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Karla Nistler (hereafter "Plaintiff"), is an adult individual residing in Sahuarita, Arizona 85629, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, International Collection Systems, Inc. (hereafter "ICS"), is a company with an address of 2761 North Country Club Road, Tucson, AZ 85716, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Agents") are individual collectors employed by ICS and whose identities are currently unknown to Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7. ICS at all times acted by and through one or more of the Agents.

2

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. Plaintiff allegedly incurred a financial obligation (the "Debt")[1] to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meet the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to ICS for collection, or ICS was employed by the Creditor to collect the alleged Debt.

11. ICS, in its attempt to collect the Debt, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. International Engages in Harassment and Abusive Tactics

12. Beginning in January of 2014, ICS contacted Plaintiff in an attempt to collect the Debt.

13. Plaintiff has explained to ICS that she was without adequate means to make payment on the Debt.

14. Despite the foregoing, ICS called Plaintiff at an excessive rate, placing up to seven calls per week for consecutive weeks.

15. On several occasions, ICS called Plaintiff before 8:00AM.

---

[1] The term "Debt", as used herein, means the alleged financial obligation that Defendants claims Plaintiff owes. Use of the word "Debt" is in no way an admission by Plaintiff that the alleged financial obligation is valid.

16. During a conversation in December of 2014, an agent from ICS began yelling at Plaintiff at such a high volume that her family members were able to overhear the conversation.

17. Furthermore, ICS spoke to Plaintiff in a rude and abusive manner in an effort to intimidate her into making a payment on the Debt.

18. Moreover, ICS threatened to garnish Plaintiff's wages and/or take other legal action.

19. No such action has been taken to date.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, et seq.

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. Defendants contacted Plaintiff before 8:00 a.m. in violation of 15 U.S.C. § 1692c(a)(1).

22. Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of the Debt, in violation of 15 U.S.C. § 1692d.

23. Defendants used profane and abusive language when speaking with the Plaintiff, in violation of 15 U.S.C. § 1692d(2).

4

24. Defendants caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

25. Defendants used false, deceptive, or misleading representations or means in connection with the collection of the Debt, in violation of 15 U.S.C. § 1692e.

26. Defendants threatened the Plaintiff with garnishment if the Debt was not paid, in violation of 15 U.S.C. § 1692e(4).

27. Defendants employed false and deceptive means to collect the Debt, in violation of 15 U.S.C. § 1692e(10).

28. Defendants used unfair and unconscionable means to collect the Debt, in violation of 15 U.S.C. § 1692f.

29. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30. Plaintiff is entitled to damages as a result of Defendants' violations.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

5

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

D. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: January 8, 2015                    LEMBERG LAW, LLC


                                          By: _/s/  Trinette G. Kent_
                                          Trinette G. Kent

                                          Attorney for Plaintiff
                                          Karla Nistler